**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Joseph Felix DeHerrera,<br><br>　　　　　Defendant. | No. CR-09-01359-001-PHX-SMB<br><br>**ORDER** |

　　　Pending before the Court is Defendant Joseph Felix DeHerrera's Motion for Compassionate Release, (Doc. 125, "Mot."). He argues his immediate release is appropriate under 18 U.S.C. § 3582(c)(1)(A) because COVID-19 poses a high risk to him in prison as a result of his underlying health conditions. In response, the Government primarily argues that the Motion is premature because Defendant has not exhausted his administrative remedies. (Doc. 127, "Resp." at 2, 7-12.) The Court agrees with the Government.[1]

　　　As a general matter, 18 U.S.C. § 3582(c) prohibits courts from modifying a prisoner's terms of imprisonment. *See Dillon v. United States*, 560 U.S. 817, 824-825 (2010). Nonetheless, a court may reduce an imprisonment term

> upon motion of the Director of the Bureau of Prisons, or upon
> motion of the defendant after the defendant has fully exhausted

---

[1] The Government also argues Defendant has not shown that extraordinary and compelling reasons warrant his immediate release. (*See* Resp. at 2-3, 12-15.) However, the Court will not consider this argument because Defendant has not shown section 3582(c)(1)(A) is met.

>all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

Because the question of whether a statute contains an exhaustion requirement is one of "statutory construction, which must be resolved using ordinary interpretive techniques," *Ross v. Blake*, 136 S.Ct. 1850, 1858 n.2 (2016), we start with section 3582(c)(1)(A)'s text. Having done so, we find that it unambiguously contains an exhaustion requirement and need look no further. *Ratzlaf v. United States*, 510 U.S. 135, 147-48 (1994) ("[W]e do not resort to legislative history to cloud a statutory text that is clear."); *Barnhill v. Johnson*, 503 U.S. 393, 401 (1992) ("[A]ppeals to statutory history are well taken only to resolve statutory ambiguity." (internal quotation marks omitted)); *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570 (1982) ("Our task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." (internal quotation marks and citation omitted)).

Against the backdrop of a general rule prohibiting courts from modifying terms of imprisonment, section 3582(c)(1)(A)'s text precludes a prisoner from even requesting that a court do so until he has either "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or 30 days have elapsed since he asked the warden to do so. *Id.* Notwithstanding this clearly mandatory language, Defendant appears to request that the Court waive it. (*See* Mot. at 2.) However, in absence of Congressional direction explicitly labeling these conditions precedent as *optional*, the Court refuses to toss them out. *See Girouard v. United States*, 328 U.S. 61, 69 (1946) ("It is at best treacherous to find in Congressional silence alone the adoption of a controlling rule of law."). Thus, because the text does not permit a prisoner to ignore this requirement and "[w]e are not free to rewrite the statutory text," *McNeil v. United States*, 508 U.S. 106, 111 (1993), Defendant's failure to show it is satisfied is fatal. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory

exhaustion requirements where Congress has provided otherwise."); *see also Ross*, 136 S.Ct. at 1856 (noting, as it relates to the Prison Litigation Reform Act of 1995, that "mandatory language means a court may not excuse a failure to exhaust").

Accordingly,

**IT IS ORDERED DENYING** Defendant's Motion for Compassionate Release, (Doc. 125), with leave to amend.

Dated this 21st day of May, 2020.

Honorable Susan M. Brnovich
United States District Judge